UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

1290 CLOTHING CO., LLC, a
Georgia limited liability company,
d/b/a Tokyo Valentino,

        Plaintiff,

   v.

COBB COUNTY, GEORGIA, a
political subdivision of the State of
Georgia, et al.,

        Defendants.

CIVIL ACTION NO.
1:20-CV-04811-JPB

## ORDER

This matter is before the Court on Cobb County, Georgia, and the members of the Cobb County Board of Commissioner's (collectively, "Defendants") Motion to Dismiss [Doc. 6]. This Court finds as follows:

## BACKGROUND

1290 Clothing Co, LLC ("Plaintiff") operates a Tokyo Valentino store located at 1290 Johnson Ferry Road in Cobb County, Georgia. The store sells a wide variety of goods, including clothing, undergarments, shoes, games, cards, devices and other products intended for adult customers. [Doc. 1, p. 3]. The adult

products include smoking accessories and sexually oriented materials, such as explicit DVDs, condoms, lubricants and other devices.  Id.

Plaintiff obtained its business license, which is known as an Occupational Tax Certificate ("OTC"), on March 2, 2020.  Id.  On Plaintiff's OTC application, Plaintiff indicated that it would be doing business as 1290 Clothing and described its business in the following terms:  "Retail—clothing, undergarments, shows, games, cards & other misc."  Id. at 13.  Plaintiff did not disclose on its application that it would sell sexual devices or other adult media.  Plaintiff opened for business on June 9, 2020.  When Plaintiff opened its store, it opened as a Tokyo Valentino—not 1290 Clothing.  Id. at 3.  One day after opening, on June 10, 2020, Plaintiff wrote to Cobb County's Community Development Director and stated that it "intended to sell a small quantity of adult media together with sexual devices."  Id. at 16.

On September 8, 2020, the Cobb County Community Development Agency informed Plaintiff via a letter that its OTC was suspended because Plaintiff supplied false information in the OTC application.  [Doc. 1-9, p. 1].  Specifically, the suspension letter stated that Plaintiff represented that it would be doing business as 1290 Clothing, not Tokyo Valentino.  Id.  The suspension letter further explained that Plaintiff failed to disclose that it would sell certain adult items, yet

those items accounted for 70% of the store's inventory.  Id.  Ultimately, after a hearing, on October 27, 2020, Plaintiff's OTC was revoked.

On November 26, 2020, Plaintiff filed this action against Defendants alleging that its constitutional rights were violated when Defendants revoked its OTC.  [Doc. 1].  More specifically, Plaintiff contends that both the business licensing ordinance and the regulations applicable to sexually oriented businesses, which formed the basis for the revocation, are unconstitutional under the First and Fourteenth Amendments to the United States Constitution.  Id. at 2.  Plaintiff ultimately seeks a permanent injunction against the enforcement of the ordinance and regulations.  Id.

Just three days after suit was filed in this Court, on November 29, 2020, Defendant Cobb County initiated a separate civil action against Plaintiff and its owners in the Superior Court of Cobb County.  [Doc. 6-1].  In the state court action, Defendant seeks interlocutory and permanent injunctive relief prohibiting Plaintiff and its owners from continuing to engage in business without an OTC.  Id. In the suit, Defendant Cobb County alleged that Plaintiff and its owners made misrepresentations on their OTC application and withheld the fact that they were opening a sexually oriented business.  Thus, Defendant Cobb County asked the superior court to order Plaintiff and its owners to cease:  (1) engaging in business

3

until they make application for, and obtain, a proper OTC for the business actually being operated at 1290 Johnson Ferry Road; (2) operating a sexually oriented business without applying for and obtaining a sexually oriented business license; (3) operating a sexually oriented business between midnight and 6:00 a.m.; (4) operating a sexually oriented business within 750 feet of a residential zoning district; (5) operating a sexually oriented business within 1,500 feet of a hospital; (6) operating a sexually oriented business within 500 feet of an establishment licensed to sell alcoholic beverages for consumption on the premises; and (7) operating a sexually oriented business in a general commercial zoning district.  Id. at 14-15.  The superior court action makes clear that operating without a valid OTC carries significant penalties, including fines, probation or imprisonment.  Id. at 4.

On December 11, 2020, Defendants moved to dismiss Plaintiff's Complaint pursuant to the doctrine set forth by the Supreme Court of the United States in Younger v. Harris, 401 U.S. 37 (1971) (the "Younger doctrine").  [Doc. 6].  Defendants argue that dismissal is required because this Court should not interfere with the enforcement proceeding pending in the Superior Court of Cobb County.  The motion is now ripe for review.

# DISCUSSION

As a general rule, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  In other words, "non-abstention" is the rule, and in most cases, courts should exercise their jurisdiction.  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  The Younger doctrine, however, is an important exception to this general rule.  In cases where the Younger doctrine applies, federal courts are precluded from "interfering with pending state judicial proceedings absent extraordinary circumstances."  Fairfield Cmty. Clean Up Crew Inc. v. Hale, 735 F. App'x 602, 604 (11th Cir. 2018).

The Younger doctrine applies in just three "exceptional" circumstances, which have been identified as:  (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform its judicial functions. Tokyo Gwinnett, LLC v. Gwinnett Cnty., 940 F.3d 1254, 1267 (11th Cir. 2019). Where one of these exceptional circumstances is present, the Court must undertake further analysis and evaluate the three factors identified in Middlesex County Ethics Commission v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Id. at 1268.  This requires the Court to analyze whether:

> (1) there is an "ongoing" state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.

Id. (citing Middlesex, 457 U.S. at 432).  Notably, even where these requirements are met, abstention may still not be appropriate.  Exceptions to the Younger doctrine include "bad faith, harassment, or a patently invalid state statute."  Henry v. Fla. Bar, 701 F. App'x 878, 882 (11th Cir. 2017).

Plaintiff asserts several different arguments in response to Defendants' Motion to Dismiss.  First, Plaintiff argues that the pending state court proceeding is not exceptional as defined by Younger.  Second, Plaintiff argues that bad faith exception to the Younger doctrine applies.  Lastly, Plaintiff argues that its petition for certiorari filed as a supplemental claim in this case prevents the proceedings in the Superior Court of Cobb County from moving forward.  The Court will address each of Plaintiff's arguments in turn.

## 1. **Exceptional Circumstances**

As previously stated, the Younger doctrine applies in just three exceptional circumstances:  (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform its judicial functions.

Tokyo Gwinnett, 940 F.3d at 1267.  In Plaintiff's first argument, Plaintiff argues that this is not an exceptional case.  Defendants, on the other hand, assert that the Younger doctrine applies because the case pending with the Superior Court of Cobb County is a civil enforcement proceeding.

A civil enforcement proceeding is "akin to a criminal prosecution."  Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 79 (2013).  These enforcement actions are "characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act."  Id.  In this category of cases, "a state actor is routinely a party to the state proceeding and often initiates the action."  Id.

Defendant Cobb County's state court action falls squarely within the class of cases in which the Younger doctrine applies, specifically state civil enforcement proceedings.  Here, Defendant Cobb County, which is a state governmental entity, initiated the suit against Plaintiff and its owners to enforce business licensing and zoning restrictions.  Significantly, violations of these restrictions carry criminal penalties, such as fines and imprisonment.  By bringing a state enforcement proceeding, Defendant Cobb County seeks to sanction Plaintiff for its continued operations in violation of the law.  The state court action is "akin to a criminal prosecution."

Plaintiff does not meaningfully address whether the state court proceeding is a civil enforcement proceeding.  Instead, Plaintiff characterizes the state court action as a "parallel proceeding" and argues that "[t]here is nothing exceptional about the issues presented in this case or pending before the state court judge.  Rather, the issues involve . . . prosaic matters."  [Doc. 8, p. 15].  The issue, however, is not whether the facts contained in the state court case are exceptional in the ordinary sense of the word.  Rather, the issue is whether the state court case falls into one of the three identified categories of cases that the Supreme Court has deemed to be exceptional.  For the reasons already explained above, the state court case—a civil enforcement proceeding—presents circumstances that have been identified as exceptional.

The threshold showing having been made, the Court must next analyze whether:  (1) the state proceedings constitute an ongoing state judicial proceeding; (2) the state proceedings implicate important state interests; and (3) an adequate opportunity exists in the state proceedings to raise constitutional challenges.[1]  31 Foster Children, 329 F.3d at 1274.  The factors are easily satisfied in this case.  As to the first factor, the state court proceeding was initiated only a couple of days

---

[1] In its response to the Motion to Dismiss, Plaintiff's argument is limited to whether the state court action is an exceptional case.  Plaintiff does not analyze the Middlesex factors or contend that Defendant has not made the requisite showing as to these factors.

after this action was filed.  As a general rule, even where the state court proceeding is filed after the federal action, the state proceeding is still "ongoing" if the state proceeding "commenced before any proceedings of substance on the merits have taken place in the federal court." Tokyo Gwinnett, 940 F.3d at 1268.  Here, no proceedings of substance have occurred in this case.  As such, this Court finds that the state proceeding is ongoing.  The second factor is met because the state court action implicates important state interests, including regulating the negative secondary effects of adult businesses. Stardust, 3007 LLC v. City of Brookhaven, 899 F.3d 1164, 1173 (11th Cir. 2018).  As to the third factor, it is Plaintiff's burden to show that the state court proceeding will not provide it with an adequate remedy for its federal claims. Henry, 701 F. App'x at 882.  "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." 31 Foster Children, 329 F.3d at 1279. The third factor is satisfied because Plaintiff has made no showing that the state court proceeding will not provide it with an adequate remedy for its federal claims.

This Court finds that the Younger doctrine is applicable because the state court proceeding is an exceptional case.  Moreover, analysis of the Middlesex factors show that abstention is warranted.  In sum, this Court finds that Plaintiff's argument that the state court proceeding is not an exceptional case is without merit.

### 2. **Bad Faith**

As already noted, there are exceptions to the <u>Younger</u> doctrine. Specifically, the "[e]xceptions to [the <u>Younger</u> doctrine] include bad faith, harassment, or a patently invalid state statute." <u>Watson v. Fla. Jud. Qualifications Comm'n</u>, 618 F. App'x 487, 490 (11th Cir. 2015). In this case, Plaintiff argues that the bad faith exception applies. Without citing to any analogous cases, Plaintiff contends that bad faith is shown here because the revocation of the OTC was pretextual and followed by a lawsuit premised on that "bogus decision." [Doc. 8, pp. 18-19]. Specifically, Plaintiff argues that bad faith is shown because Defendants have never revoked the OTC of another business, that its OTC application did not contain misrepresentations and the revocation hearing was arbitrary and capricious since Plaintiff was not afforded a continuance. <u>Id.</u> at 16.

The Eleventh Circuit Court of Appeals has determined that "[t]o establish the bad faith exception, a litigant must make a substantial allegation that shows actual bad faith." <u>Dander v. Church of Scientology Flag Serv. Org., Inc.</u>, 619 F. App'x 945, 948 (11th Cir. 2015). Moreover, the Eleventh Circuit has held that "[a] proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction." <u>Watson</u>, 618 F. App'x at 490. Based on the record before the Court, Plaintiff has not made substantial allegations that show

actual bad faith.  At most, Plaintiff challenges the merits of the revocation of the OTC, nothing more.  See Dander, 619 F. App'x at 949 (finding that the bad faith exception was not applicable where the plaintiff simply challenged the merits of the state court proceedings).  Furthermore, Plaintiff has not presented any evidence or made any allegations that the enforcement proceeding currently pending in the Superior Court of Cobb County was brought without a reasonable expectation of obtaining relief.  See Redner v. Citrus Cnty., 919 F.2d 646, 650 (11th Cir. 1990) (determining that the bad faith exception did not apply because the plaintiff failed to present evidence that the state prosecution was brought without a reasonable likelihood of obtaining a valid conviction).  Instead, Plaintiff has only argued that the revocation of the OTC was pretextual.  This argument is not sufficient to invoke the bad faith exception.  See id. at 650 n.8 ("The only bad faith that [the plaintiff] asserts against [the defendant] is the [c]ounty's enacting an ordinance directed, he alleges, solely at him, one day before he planned to open his adult entertainment facility.  Nothing about that act by the county seems to establish, by itself, bad faith.").  Ultimately, this Court finds that the bad faith exception does not apply because Plaintiff failed to present any evidence or make sufficient allegations that the state court proceeding was brought without a reasonable expectation of obtaining relief.

### 3.  <u>The Writ of Certiorari in Georgia</u>

In addition to its constitutional claims, Plaintiff's complaint contained a petition for writ of certiorari under Georgia law.  In the petition, Plaintiff seeks a writ of certiorari to be issued to Defendants so that this Court can review the October 27, 2020 decision to revoke Plaintiff's OTC.  In essence, Plaintiff is asking this Court to exercise appellate review under O.C.G.A. § 5-4-1.  Admitting that its argument is novel, Plaintiff contends that the supersedeas effect of the writ of certiorari bars Defendant Cobb County's enforcement action, such that there is "effectively no action pending in state court."  [Doc. 8, p. 20].

This Court will first discuss the procedure for certiorari in the superior courts of Georgia.  <u>See</u> O.C.G.A. §§ 5-4-1 to 5-4-20.  As a general rule,

> [w]hen either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried.

O.C.G.A. § 5-4-3.  The petition must "plainly and distinctly" set forth the errors complained of.  <u>Id.</u>  Before filing the petition, the petitioner must obtain the sanction of a superior court judge.  <u>Id.</u>  Once the sanction is obtained, the petitioner shall file the petition, together with the bond or affidavit, with the clerk of the superior court.  <u>Id.</u>  It is the clerk's duty to then issue the writ of certiorari directed

to the tribunal or person whose decision or judgment is the subject matter of the complaint.  Id.  Within five days after the petitioner's filing, the petitioner must serve the writ and petition on the respondent. O.C.G.A. § 5-4-6.[2]

This Court recognizes that there "seems to be an open question about whether this Court[, in the exercise of its supplemental jurisdiction,] can even issue such a writ to a state organ like" the Cobb County Board of Commissioners. Cheshire Bridge Holdings, LLC v. City of Atlanta, No. 1:15-CV-3148-TWT, 2018 WL 279288, at *7 n.68 (N.D. Ga. Jan. 3, 2018), rev'd in part on other grounds, 777 F. App'x 310 (11th Cir. 2019).  At least one court within the Eleventh Circuit determined that it did not have jurisdiction over a petition for writ of certiorari because petitions for writs of certiorari are "uniquely" state remedies properly resolved in Georgia's courts.  Hale Found., Inc. v. August-Richmond Cnty., No. CV 121-018, 2021 WL 1845982, at *3 (S.D. Ga. Apr. 19, 2021).  This Court cannot ignore, however, that in the context of a removal action, the Supreme Court

---

[2] It does not appear that Plaintiff has complied with the exacting certiorari procedures. Specifically, review of the record indicates that neither the clerk for superior court nor the clerk for this Court ever issued the writ.  As a result, the record further shows that the writ was never served on Defendants, which must be accomplished within five days of filing the petition.  See City of Sandy Springs Bd. of Appeals v. Traton Homes, LLC, 801 S.E.2d 599, 603-04 (Ga. Ct. App. 2017) (determining that dismissal of the petition for writ of certiorari was necessary where clerk failed to issue writ and writ was never served).

determined that a federal district court did have jurisdiction over a direct appeal from the action of a municipal commission even where the applicable state statute provided that appeals should be filed in the state circuit court.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 169 (1997) (holding that "[t]here is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination").

This Court need not definitively reach the issue of whether the petition for certiorari is properly before this Court or whether it was properly filed because this Court is not persuaded by Plaintiff's argument that its petition for writ of certiorari prevents abstention in this matter.  First, case law has established only three exceptions to the Younger doctrine.  As already explained previously, none of the exceptions apply here.  Under the circumstances presented in this case, this Court is not willing to create a fourth exception to the Younger doctrine.

Second, any supersedeas effect of the writ of certiorari[3] does not stay the proceedings in the Superior Court of Cobb County.  O.C.G.A. § 5-4-19 states that "[t]he writ of certiorari, when granted in civil cases, shall operate as a supersedeas of the judgment until the final hearing in the superior court."  "[T]here is a

---

[3] As previously mentioned, a writ has never been issued or served in this case.

longstanding line of Georgia Supreme Court decisions holding that the only effect of a supersedeas is to stay further action in the case, and a court is without authority to order that the supersedeas operate retroactively as to undo what has previously been done in execution of the judgment appealed." Bank South, N.A. v. Roswell Jeep Eagle, Inc., 408 S.E.3d 503, 506 (Ga. Ct. App. 1991).

This Court finds that supersedeas, if it applies at all, applies only to the October 2020 license revocation. The revocation hearing concluded, and the existing status of that case is that Plaintiff's OTC is revoked. The supersedeas does not mean that Plaintiff is now operating Tokyo Valentino with a valid license and pursuant to the law. Importantly, Defendant Cobb County's action filed in the Superior Court of Cobb County is not a further proceeding of the October 2020 license revocation. It is a separate matter filed in a different forum. Ultimately, this Court finds that the mere filing of the petition for writ of certiorari does not render abstention inappropriate in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [Doc. 6] is

**GRANTED**, and Plaintiff's claims are **DISMISSED** without prejudice.[4]  The

Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of May, 2021.

J. P. BOULEE
United States District Judge

---

[4] A complaint dismissed pursuant to the <u>Younger</u> doctrine is without prejudice.  <u>Hale v. Pate</u>, 694 F. App'x 682, 685 (11th Cir. 2017).